IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Gregory Scott, | ) | Case No. 8:11-788-RMG-JDA |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| State of South Carolina and Warden of | ) | |
| Ridgeland Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent Warden of Ridgeland Correctional

Institution's[1] motion for summary judgment. [Doc. 23.] Petitioner is a state prisoner who

seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the

provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule

73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for

relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on April 5, 2011. [Doc. 1.] On

August 5, 2011, Respondent filed a motion for summary judgment and a return and

memorandum. [Docs. 23, 24.] Also on August 5, 2011, in accordance with an Order

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Petitioner was advised to

respond to the motion for summary judgment and of the possible consequences if he failed

to respond adequately to Respondent's motion. [Doc. 25.] However, Plaintiff failed to file

a response in opposition.

---

[1] Respondent State of South Carolina was terminated as a party on April 11, 2011 by the Court's
Order authorizing service of process. [Doc. 7.] Accordingly, throughout this Report and Recommendation,
the Court will refer to Warden of Ridgeland Correctional Institution as "Respondent."

Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied.

## **BACKGROUND**

Petitioner is currently incarcerated in the Ridgeland Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Charleston County, South Carolina. [Doc. 1 at 1.] On January 11, 2007, Petitioner pled guilty to two counts of armed robbery and was sentenced to two ten-year terms of imprisonment, to run concurrently. [*Id.* at 1, 5.] Petitioner did not file a direct appeal. [*Id.* at 2.]

On January 18, 2011, Petitioner filed a petition for a writ of habeas corpus in the South Carolina Supreme Court. [*Id.* at 3; Doc. 24-1.] Petitioner raised the following issues:

> Petitioner asserts that the State of South Carolina's requirement that he complete 2 years of community supervision upon his release from prison even though he was not sentenced to this by the sentencing judge, violates his 14th amendment right to due process.
>
> Petitioner asserts that "community supervision" equates to being held "in custody."
>
> Petitioner asserts that the State of South Carolina has/had 10 days only after his conviction to bring him before the sentencing court to fix/amend his sentence.

[Doc. 24-1 at 2–3.] The South Carolina Supreme Court denied the petition, finding "Petitioner ha[d] not shown that 'there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice.'" [Doc. 24-2 (quoting *Simpson v. State*, 495 S.E.2d 429 (S.C. 1998)).]

2

On April 5, 2011, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner raises the following ground for relief, quoted substantially verbatim:

> Ground: The State of South Carolina is attempting to impose a term of 2 yrs. Community Supervision I was not sentenced to.
>
> Supporting Facts: When I went to court, judge Dennis sentenced me to (2) two (10) ten year sentences run concurrent.  He did not sentence me to 2 yrs. Community Supervision upon my release.  My sentencing sheets and court transcript will prove this.  No one, lawyer, prosecutor or judge ever mentioned this to me.

[*Id.* at 5.]  As previously stated, Respondent filed a motion for summary judgment on August 5, 2011 [Doc. 15], and Petitioner failed to file a response in opposition to the motion for summary judgment.[2]  Accordingly, Respondent's motion is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se Petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court

---

[2] Pursuant to the *Roseboro* Order filed in this case, Petitioner had thirty-four days to respond to Respondent's motion for summary judgment [Doc. 25]; Petitioner's response was due on or before September 9, 2011.  As of the date of this Report and Recommendation, Petitioner has failed to file a response.

can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this

4

standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

> ***Generally***

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3] Further, strict time deadlines govern direct appeal and the filing

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state

_____

not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However,

11

if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Murray*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice.  To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent.  *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").  Actual innocence is defined as factual innocence, not legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To pass through this actual innocence standard, the petitioner's case must be truly extraordinary.  *Murray*, 477 U.S. at 496.

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

12

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

Respondent contends the Petition is time-barred pursuant to § 2244(d)(1). The Court agrees.

**Expiration of Limitations Period**

Petitioner had one year from January 22, 2007, ten days after his sentence was final,[4] to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The one-year period in which to file a federal habeas petition would be tolled during the pendency of an application for post-conviction or other collateral relief properly filed in state court. *Id.* § 2244(d)(2). However, Petitioner failed to file an application for collateral relief in state court during the one year immediately following the date his sentence became final. Consequently, the § 2244(d)(1) limitations period ran on January 22, 2008.

Petitioner filed a petition for a writ of habeas corpus in the South Carolina Supreme Court on January 18, 2011, well after the limitations period ran. Further, the South Carolina Supreme Court determined the petition did not demonstrate a violation of Petitioner's rights sufficient to warrant habeas corpus relief, and the court denied the petition. Therefore, Petitioner's petition for habeas corpus filed in state court did not toll the one-year AEDPA limitations period. As a result, the Petition—filed on April 5, 2011, more than three years after the expiration of the limitations period—is time-barred.

**Equitable Tolling**

Petitioner failed to demonstrate he is entitled to equitable tolling. The limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). Liberally construing the Petition and Petitioner's state court habeas petition, the

---

[4]As previously stated, Petitioner did not file a direct appeal. Therefore, his sentence entered on January 11, 2007 became final upon the expiration of the ten-day period in which he could have filed a direct appeal—Monday, January 22, 2007. *See* Rule 203(b)(2), SCACR.

Court concludes Petitioner alleges he is entitled to equitable tolling because he did not discover that he must participate in a community supervision program ("CSP") upon his release from prison until November 2010. [*See* Doc. 1 at 9; Doc. 24-1 at 1–2.]

Section 2244(d)(1)(D) provides that the one-year AEDPA limitations period may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[5]   28 U.S.C. § 2244(d)(1)(D).   In other words, the limitations period begins to run "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance," *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), and the Fourth Circuit has held that the limitations period begins to run when a petitioner could have discovered the factual predicate of his claim through public sources, *see Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003).

---

[5] As stated above, the AEDPA provides that the limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).  Here, the possible dates from which the limitations period began to run for Petitioner are the date on which Petitioner's judgment became final and the date on which Petitioner discovered he was subject to the CSP requirement.

A former inmate's participation in CSP is governed by South Carolina law.[6] To fully discharge a sentence resulting from pleading guilty to "no parole offenses," a defendant must participate in CSP after his release from prison. S.C. Code Ann. § 24-21-560(A). Plaintiff was convicted on two counts of armed robbery [Doc. 1 at 1], and the Court takes note that armed robbery is a "no parole offense," S.C. Code Ann. §§ 24-13-100, 16-1-90(A). Accordingly, if Petitioner had employed the diligence required under § 2244(d)(1)(D), he could have discovered that he was subject to the CSP requirement, the factual predicate of his claim, prior to the expiration of the limitations period because the South Carolina Code of Laws is publicly available. Therefore, although Petitioner may not have *actually* discovered until November 2010 that he is subject to the CSP requirement, the AEDPA provides that its limitations period runs from the date on which the factual predicate *could* have been discovered. Consequently, the Court finds Petitioner does not allege extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time and is not entitled to equitable tolling.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment [Doc. 23] be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

---

[6] The Court notes that on January 1, 1996, South Carolina's "no parole offense" classification system went into effect. S.C.Code Ann. § 24-13-100 to -175 (Supp. 2005). As part of the same legislation, section 24-21-560 created CSP to be operated by the South Carolina Department of Probation, Parole and Pardon Services ("Department"). Section 24-21-560 provided in part that a "no parole offense" must include a term of incarceration and completion of a community supervision program operated by the Department. Thus, at the time Plaintiff was sentenced in January 2007, South Carolina law required defendants who pled guilty to "no parole offenses" to participate in CSP after being released from prison before a state sentence could be fully discharged. S.C. Code Ann. § 24–21–560(A).

16

s/Jacquelyn D. Austin
United States Magistrate Judge

September 30, 2011
Greenville, South Carolina