IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Scott,<br>   Petitioner,<br><br>vs.<br><br>State of South Carolina and Warden<br>of Ridgeland Correctional Institution,<br><br>   Respondent. | C/A No. 8:11-788-RMG<br><br>**ORDER** |

On April 5th, 2011, Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and the Local Rules. Respondent filed a motion for summary judgment on August 5th, 2011 (Dkt. No. 23), to which the Petitioner did not respond. The Magistrate Judge has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 28). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner has not filed objections to the R&R. This Court adopts the conclusion of the Report and Recommendation for the reasons discussed herein and grants Respondent's motion for summary judgment.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de*

1

*novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner pleaded guilty to two counts of armed robbery on January 11, 2007 and was sentenced to two ten year terms of imprisonment, to run concurrently. Petitioner did not file a direct appeal. On January 18, 2011, Petitioner filed a habeas corpus petition in the South Carolina Supreme Court alleging that the 2 years of community supervision following his release from prison violates his 14th amendment right to due process because this requirement was not issued by his sentencing judge, the "community supervision" equates to being held "in custody", and the requirement was not added to his sentence within 10 days of his conviction. (Dkt. No. 1; Dkt. No. 24-1 at 2-3). The South Carolina Supreme Court denied the petition. Petitioner filed the habeas petition pursuant to 28 U.S.C. § 2254 with this Court on April 5, 2011, contending that he was not sentenced to the two years of community supervision that South Carolina law requires. (Dkt. No. 1 at 5).[1] Petitioner further stated "no one, lawyer, prosecutor or judge ever mentioned this to me." *Id.*

Respondent argues that Petitioner has exhausted his state remedies, but not properly and as such, his grounds for federal habeas review are procedurally barred. (Dkt. No. 24 at 3).

---

[1] Petitioner stated that "[m]y sentencing sheets and court transcript will prove this." (Dkt. No. 1 at 5). Respondent noted that "it does not have a copy of the transcript of the guilty plea because Petitioner did not file a direct appeal or a PCR action" and "[t]ranscripts are typically not kept by the court reporter after the passage of three (3) years." (Dkt. No. 24 at 2).

2

Respondent also asserts that Petitioner's habeas claim is precluded by the statute of limitations.[2] *Id.*

### Procedural Bar

The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this Petition. *Lindh v. Murphy*, 521 U.S. 320 (1997). Under the AEDPA, this Court may only grant habeas relief if the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In order to seek habeas corpus relief, the petitioner must first exhaust his state court remedies.

Further, the petitioner must bring his claim to the highest state court with jurisdiction over the issue before the federal court will address the claim (28 U.S.C. § 2254; *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997)) and proceed through the state courts prior to requesting a writ of habeas corpus in federal court if a possible avenue of state relief is still available. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983). As the Magistrate Judge thoroughly addressed, in South Carolina a person in custody can attack the validity of his conviction through direct appeal or by filing an application for post-conviction relief ("PCR") and the failure to state all grounds for relief in either will result in the application of a procedural bar by the South Carolina Supreme Court.[3]

---

[2] Respondent also makes several arguments for granting summary judgment on the basis of the merits of Petitioner's claim; however, the Court need not address those arguments because Petitioner's claim is procedurally barred.

[3] For direct appeals, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application "must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." S.C. Code Ann. § 17-27-45.

3

In the instant case, Petitioner did not file a direct appeal or PCR appeal. Petitioner did file a habeas petition with the South Carolina Supreme Court. In its Order denying the state habeas petition, the South Carolina Supreme Court stated: "Petitioner has not shown that 'there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice;' therefore, the petition is denied," citing *Simpson v. State*, 329 S.C. 42, 495 S.E.2d 429 (S.C. 1998) (Dkt. No. 24-2 at 1). This District has held that "if an action such as the petitioner's state habeas is rejected under *Simpson* and [*Key v. Currie*, 305 S.C. 115, 406 S.E.2d 356 (S.C. 1991)], the issues have not been considered by the state supreme court and thus the state habeas is an insufficient vehicle for properly presenting issues to the state's highest court to preserve them later for federal review." *McFarland v. Warden, Lieber Correctional Inst.*, C.A. No. 6:07-588-TLW-WMC, 2008 WL 697152 at *6 (March 11, 2008 D.S.C.); *see also, Wilson v. Moore*, 178 F.3d 266 (4th Cir. 1999)(finding that a one sentence order of the South Carolina Supreme Court did not consider petitioner's claims on the merits in part because they could have been raised in a prior PCR action and the order did not mention federal law)[4]. The decision by the South Carolina Supreme Court rests on adequate and independent state grounds and Petitioner's claim is thus procedurally barred from federal habeas review.

Petitioner's claim is procedurally barred because it was not properly presented to the South Carolina courts. In *Coleman v. Thompson*, the Supreme Court held "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the

---

[4] In *Wilson*, the Fourth Circuit further concluded "that the decision of the state court does not 'fairly appear' to rest on federal law and, therefore, that the South Carolina Supreme Court's decision was premised on adequate and independent state grounds." 178 F.3d at 279. The Court reasoned, *inter alia*, that "it has long been the case under South Carolina law that habeas corpus 'cannot be used as a substitute for appeal or other remedial procedure[s] for the correction of errors of law of which the defendant had an opportunity to avail himself.' " *Id*. at 277 (quoting *Tyler v. State*, 247 S.C. 34, 145 S.E.2d 434, 436 (S.C. 1965))(emphasis in the original).

4

prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding."). If petitioner can demonstrate cause for the default, he must then demonstrate that he has suffered actual prejudice, requiring a showing of more than "a possibility of prejudice, but . . . actual and substantive disadvantage, infecting [the] entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986)(citations and internal quotations omitted). The petitioner, even in the face of an unexcused procedural default, may still obtain relief on collateral review where he can establish "actual innocence", which means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S 614, 623-24 (1998).

In the instant matter, Petitioner is unable to show cause or prejudice for his procedural default. As to cause, Petitioner did not seek direct or PCR review of his sentence. Petitioner claims that he "did not know of the community supervision until after [he] reached prison" and that he "found out when [his] caseworker confirmed the same on 11-28-2010." (Dkt. No. 1 at 5). As Respondent argues, "Petitioner expresses no particular cause for procedurally defaulting on this ground other than ignorance of the law." (Dkt. No. 24 at 10). Ignorance of the law, however, is not sufficient cause to excuse the default. *See Whitley v. Bair*, 802 F.2d. 1487, 1503 (4th Cir. 1986). Petitioner has not alleged that he is innocent of the charges of which he was convicted, only that he was not aware that part of his sentence included a two year community service period after he is released from prison. Without any further evidence as to why Petitioner failed

5

to raise his claim within the appropriate limitations period, Petitioner cannot demonstrate cause or prejudice for his procedural default.[5]

## Statute of Limitations

Respondent contends that this Petition is time barred pursuant to § 2244(d)(1). Under § 2244(d)(1)(A), the one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final. In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Since Petitioner did not file a direct appeal, his sentence became final on January 22, 2007. Petitioner did not file his application for collateral relief in State court during the one year period after his sentence became final. Therefore, the 2244(d)(1) limitations period ran on January 22, 2008. The petition for writ of habeas corpus in the South Carolina Supreme Court was filed on January 18, 2011 and did not toll the limitations period—rendering this Petition, which was filed on April 5, 2011, untimely.

Petitioner also appears to contend that § 2244(d)(1)(D) applies, which provides that the one-year AEDPA limitations period may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).[6] The Fourth Circuit has held that the limitations period begins to run when a Petitioner could have discovered the factual predicate of his claim through

---

[5] The Court notes that "[t]he community supervision provision is clearly a collateral circumstance of Petitioner's sentence." *Nabtritt v. Eagleton*, No. Civ.A. 9:052926-HFF-G, 2006 WL 1083567 at *10 (April 18, 2006). Further, "[n]ormally, parole eligibility is a collateral consequence of sentencing; consequently, a defendant need not be specifically advised of it before entering a guilty plea." *Id. See also, Bell v. North Carolina*, 576 F.2d 564 (4th Cir. 1978).

[6] If § 2241(d)(1)(D) applied, the limitations period would begin to run on the date that he discovered he was subject to the community service provision requirement.

6

public sources. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003). Further, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). As the Magistrate Judge reasoned, although Petitioner may not have actually discovered until November 2010 that he is subject to the community service requirement, the South Carolina Code of Laws is publicly available and had Petitioner employed the diligence required under § 2244(d)(1)(D), he would have discovered that he was subject to this requirement. *See* Dkt. No. 28 at 15-16.

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where due to circumstances external to the [Petitioner's] own conduct it would be unconscionable to enforce the limitation against the [Petitioner] . . . ." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In 2010, the United States Supreme Court held that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In *Holland*, the Supreme Court explained that "the diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (citations and internal quotations omitted). Further, under *U.S. v. Sosa*, "ignorance of the law is not a basis for equitable tolling." *U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner's ignorance of the statute subjecting him to the community service requirement is not a valid basis for his equitable tolling claim. This Court agrees with the Magistrate Judge that Petitioner does

not allege extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time. Thus, he is not entitled to equitable tolling.

## CONCLUSION

Based on the above authority, the Court adopts the conclusion of the Magistrate's Report and Recommendation, but for the reasons set forth herein. Thus, this Court grants the Respondent's motion for summary judgment with prejudice (Dkt. No. 23) and denies the Petition for habeas corpus.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 26, 2011
Charleston, South Carolina

8